IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABRIEL ALANIS, PASCUAL AGAPITO
and LORENA LOPEZ,

       Plaintiffs,

 v.

AURORA SUPERMERCADO, INC. #2,

       Defendant.

OPINION AND ORDER

09-cv-724-slc

---

  In this civil action for monetary and other relief, Gabriel Alanis and Lorena Lopez allege that their former employer, defendant Aurora Supermercado, Inc. #2, failed to pay them overtime wage compensation and the minimum wage required by the Fair Labor Standards Act, 29 U.S.C. et seq.. The case is before the court on the motion of plaintiffs Alanis and Lopez for summary judgment. (Plaintiff Pascual Agapito, who is also a named plaintiff in this case, does not join in the motion.)[1] Although defendant has filed a brief in opposition, it has failed properly to put into dispute any of the facts adduced by plaintiffs. Accordingly, plaintiffs' facts must be taken as undisputed. *Procedure to be Followed on Summary Judgment*, II A., II B. and II C., attached to Preliminary Pretrial Conference Order (February 21, 2010), dkt. 20. These facts establish that defendant failed to pay plaintiffs Alanis and Lopez in accordance with the overtime and minimum wage provisions of the Fair Labor Standards Act. Therefore, I am granting plaintiffs' motion for summary judgment on liability.

---

[1] After briefing was completed on plaintiffs' motion, the court received from defendant's owner, Everardo Rodriquez, a declaration to which he attached an affidavit typed in Spanish that indicated plaintiff Agapito wishes to withdraw from this lawsuit. *See* dkt. 40. In light of this, plaintiff's attorney forthwith must advise the court whether Agapito still is pursuing this lawsuit.

From the plaintiffs' proposed findings of fact, I find the following facts to be material and undisputed:

FACTS

Defendant Aurora Supermercado, Inc. #2 is an Illinois corporation that operates a Mexican grocery store at 809 S. Main Street, Fort Atkinson, Wisconsin. Plaintiffs Gabriel Alanis and Lorenz Lopez are former employees of defendant.

Alanis worked for defendant as a butcher from January 25 through December 24, 2009. Alanis's primary job duties were to slice and otherwise prepare meat for customers, keep his work area clean and perform other duties related to the butcher position. In performing his butcher duties, Alanis followed instructions given to him by Mateo Gomez, the store manager. Alanis did not direct the work of other employees or perform any managerial functions related to the meat department. Alanis did not have the authority to hire or fire employees or make recommendations regarding the hiring, advancement or promotion of other employees.

During the first six months that he was employed by Aurora, Alanis frequently worked seven days a week, nine hours a day, for an average of 63 hours a week. Aurora paid him a salary of $450 a week regardless of the number of hours he worked and it did not pay him overtime wages for hours worked in excess of 40 a week. At no time during his employment with Aurora did Alanis earn a salary of $455 or more.

Plaintiff Lorena Lopez was employed by defendant as a waitress, cashier and cook's helper from May through November 2009. Lopez's duties consisted of serving customers, including taking their orders and delivering food to their tables. Lopez was paid a salary of $300 a week. Although Lopez regularly worked more than 40 hours a week, Aurora did not pay her overtime compensation. If Lopez worked less than 40 hours in a week, however, Aurora

deducted $6.50 an hour from her check for each hour worked under 40 hours. At no time during her employment with Aurora did Lopez earn a salary of $455 or more.

During the time period that Alanis and Lopez worked for defendant, Mateo Gomez was the store manager. Gomez had the sole authority to hire and fire employees, make decisions regarding promotions, direct store employees regarding what duties to perform and set employee schedules. The only other person with authority to direct employees at the store was another store manager named Moises.

Plaintiffs filed this lawsuit on December 1, 2009, alleging that defendant violated the Fair Labor Standards Act by failing to pay them the overtime wages and minimum wage required by the law. After defendant failed to answer the complaint, default judgment was entered on January 11, 2010. On January 18, 2010, however, the court vacated the default and granted defendant leave to file an answer.

The court held a pretrial conference with the parties on February 21, 2010, at which it advised the parties that their conduct would be governed by the pretrial conference order and its attachments. The court issued its pretrial conference order, issued the same day and appended to it the detailed procedures the parties would have to follow if one or both sides filed a motion for summary judgment. *Procedure to be Followed on Motions for Summary Judgment*, attached to dkt. 20. Among other things, the procedure specified that a party responding to a motion for summary judgment must file the following:

1. A response to the moving party's proposed finding of fact; <u>and</u>

2. A brief in opposition to the motion for summary judgment; <u>and</u>

3. Evidentiary materials.

*Id*. at II. A.

3

The order warned that the court would "not consider facts contained only in a brief," *id*. at Section II. B. 4, and would deem undisputed any fact proposed by the moving party that was not put into dispute by the responding party. *Id.*, Section II. C.

Pursuant to the pretrial conference order, defendant's response to the summary judgment motion was due on September 20, 2010. On September 22, 2010, defendant filed a brief in opposition to the motion, but did not propose any facts or submit any evidentiary materials.

## OPINION

I. **Summary Judgment Standard**

Summary judgment is proper where there is no showing of a genuine issue of material fact in the pleadings, depositions, answers to interrogatories, admissions and affidavits, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party.'" *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007) (quoting *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005)). In determining whether a genuine issue of material facts exists, the court must construe all facts in favor of the nonmoving party. *Squibb v. Memorial Medical Center*, 497 F.3d 775, 780 (7th Cir. 2007). However, the nonmoving party cannot simply rest upon the pleadings once the moving party has made a properly supported motion for summary judgment; instead, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P 56(e)(2). A district court may strictly enforce compliance with its local rules regarding summary judgment motions. *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010).

## II. Overtime Wages

Under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, employers must pay their employees at least one and a half times their regular wages for the number of hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.107. Plaintiffs have adduced evidence—which defendants have not refuted—establishing that they worked more than 40 hours a week during some weeks that they were employed by defendant and that defendant failed to pay them time-and-a-half as required by the law.

In its brief, defendant asserts that plaintiffs were "managers." I assume that defendant is invoking FLSA's exemption for employees employed in a "bona fide executive, administrative, or professional capacity," 29 U.S.C. § 213(a), but I cannot be sure because defendant does not cite to any statutory provisions in its brief. In any case, absent any admissible evidence from defendant on this point, I have no basis for making such a finding. Plaintiffs have established that they are covered by the FLSA and that they worked more than 40 hours some weeks without being paid overtime. They are entitled to summary judgment on this claim.

## III. Minimum Wage

Under 29 U.S.C. § 206(a), employers must pay covered employees at least the minimum wage set by 29 U.S.C. § 206(a)(1). Plaintiffs have established that there were some weeks in which they put in so many hours that their hourly wage was below the federal minimum. Defendants have not refuted this contention with any properly-submitted evidence. Accordingly, plaintiffs' motion for summary judgment on this claim must be granted. The January 18, 2011 trial as to these plaintiffs will be limited to a determination of damages.

ORDER

IT IS ORDERED that the motion of plaintiffs Gabriel Alanis and Loreno Lopez for summary judgment on their claims that defendant failed to pay them overtime wages and the federal minimum wage as required by the Fair Labor Standards Act is GRANTED.

Entered this 26th day of October, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge